ESTEBAN POZZI DE JESÚS, Appellant, *v.* REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 804.  Argued March 26, 1930.—Decided April 24, 1930.

*R. Atiles,* for petitioner.  The registrar appeared by brief.

Mr. Justice Hutchison delivered the opinion of the court.

In a proceeding to establish the dominion title to four parcels of land, A, B, C and D, Esteban Pozzi de Jesús obtained a decree of ownership, and an order for the cancellation of certain entries in the registry of property.

A registrar of property refused to cancel the entries, and to record the properties C and D in the name of Esteban Pozzi de Jesús. The first reason assigned was that it did not appear from a certified copy of the decree that the heirs of Romualda de Jesús y Maldonado, who had been "summoned and heard", had consented in open court to the cancellation, or that any objection interposed by them had been overruled.

Doña Romualda de Jesús Maldonado acquired the two properties in 1902. In the registry of property mention was made of a special mortgage placed upon these properties by doña Romualda in favor of her children, Romualda, Esteban, Emilia, Luisa, and Francisco Pozzi de Jesús. Luisa died, and her interest in the mortgage passed by inheritance to the mother. On the death of doña Romualda the two properties passed to her four surviving children, and three of them conveyed their undivided interest to Esteban, appellant herein.

Another mortgage alleged in the dominion title proceeding to have been paid, appeared of record in the name of Angela Piazza y Canosi.

The decree recites that Romualda, Micaela, Francisco, and Emilia Pozzi de Jesús were expressly cited as the sole and universal heirs (together with petitioner) of their deceased mother for the purpose of obtaining a cancellation of the record entries in the name of Romualda de Jesús Maldonado as owner of the properties "C" and "D"; that Romualda, Emilia, and Francisco Pozzi de Jesús were also cited as the parties interested in the mention of mortgage, which petitioner sought to cancel on the ground of extinguishment through merger; and that doña Angela Piazza y Canosi was

likewise expressly cited as to the proposed cancellation of her mortgage lien, on the properties "C" and "D", which was alleged to have been extinguished by payment.

The decree further sets forth that:

"The parties that may be affected by the cancellation of the entries of the dominion title of properties C and D, appearing in the registry of property of Ponce in favor of the deceased Romualda de Jesús Maldonado, are her legitimate children, Romualda, Micaela, Francisco, and Emilia Pozzi de Jesús, who, together with petitioner herein, are the sole and universal heirs of the deceased. Doña Angela Piazza y Canosi is the only party that may be affected by the cancellation prayed for of the mortgage encumbering said properties "C" and "D" for $900 principal, $100 interest, and $100 costs. The parties who might be affected by the cancellation prayed for of the special mortgage mentioned in the record of said properties "C" and "D" are Romualda, Emilia, and Francisco Pozzi de Jesús, whose rights have been merged by virtue of the provision of section 1160 of the Civil Code, inasmuch as they have inherited the property subject to the lien."

This is followed by the statement that:

". . . It has been shown that each and every one of the above designated persons was expressly summoned according to law, and was duly notified having been given due notice of the cancellations prayed for in so far as each of them is concerned, and has been duly heard with regard to these questions."

The registrar relies on a dictum, following a quotation from Morell, in *Canino v. Registrar*, 31 P.R.R. 413, 418.

In the instant case the statement of the district judge that the interested parties had been duly heard as to the matters in question necessarily implies that these parties, who had been fully informed of petitioner's purpose by the summons, either consented or objected to the proposed cancellation. If they were heard and did not make any protest, they consented. If they did not consent, the dispositive portion of the decree is sufficient evidence of the fact that any objection interposed by them was overruled.

The registrar specifies as another reason for his ruling

that an enforceable order for cancellation had not been entered in a proper proceeding, and that the fees for making the entry had not been paid.

The judgment was rendered on January 2, and entered on January 3, 1929. It was presented for record on December 17. It was enforceable at that time unless an appeal had been taken and was still pending. The failure to exclude such a possibility was at most a curable defect. *Martínez* v. *Registrar*, 16 P.R.R. 259; *Soto* v. *Registrar*, 15 P.R.R. 597.

The judgment and order were entered in a proper proceeding. *Camino* v. *Registrar, supra; Alarcón et al.* v. *Registrar*, 35 P.R.R. 39.

Appellant insists that he paid the fees demanded by the registrar upon presentation of the certified copy of the decree. The registrar does not challenge this statement. In the absence of any further demand or refusal, the mere failure to pay more than the amount named by the registrar on presentation of the document is not enough to justify the ruling appealed from.

That ruling must be reversed.